UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HENDERSON,

    Plaintiff,

v.                                               Case No. 8:18-cv-1232-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
    _____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

### A.     Procedural Background

Plaintiff filed an application for SSI (Tr. 291). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 166-68, 173-77). Plaintiff then requested an administrative hearing (Tr. 178-79). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 57-74). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 137-155). Consequently, Plaintiff timely filed requested review of such denial, which was remanded by action of the Appeals Council on January 24, 2017 (Tr. 156-160).

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Another hearing was held on July 13, 2017 (Tr. 75-103), and subsequent to such hearing, the Administrative Law Judge issued an unfavorable decision on November 9, 2017 (Tr. 10-22). Plaintiff timely requested review of such denial, which was denied by action of the Appeals Council on March 23, 2018 (Tr. 1-5). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning January 15, 2005, a date the Plaintiff later amended to November 25, 2013 (Tr. 106, 10-12, 20). Plaintiff obtained a limited seventh grade education and can communicate in English (Tr. 15, 20). Plaintiff has no past relevant work (Tr. 20). Plaintiff alleged disability due to lower back pain, bipolar, and depression (Tr. 105).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since November 25, 2013, the alleged onset date (Tr. 12). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, coronary artery disease (2-stent placement), chronic shoulder and elbow pain, bipolar disorder, learning disorder, and depression. *Id.* Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full range of light work. The Plaintiff remains able to lift up to 20 pounds occasionally and lift/carry up to 10 pounds frequently; can stand or walk for approximately 6 hours per 8-hour workday, and sit for approximately 6 hours per 8-hour workday with normal breaks; is limited to occasional climbing of ladders, ropes, or scaffolds, and frequent all other

postural limitations including climbing ramps or stairs, balancing, stooping, crouching, kneeling and crawling; limited reaching with the right arm in front and laterally to frequent; the claimant must avoid concentrated exposure to extreme hazards and extreme heat; work is limited to unskilled work, specific vocational preparation (SVP), 1 or 2, simple, routine, repetitive tasks, occasional interaction with the public and supervisors and only occasional changes in work setting (Tr. 14). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 16). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, including assembly such as filter assembler, production inspection such as final inspector, and verifying and recording such as marker (Tr. 21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. *Id.*

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by relying on the VE's testimony in finding that there are a significant number of jobs available in the national economy for the Plaintiff to perform. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

#### A. VE Testimony

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must

articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") or by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*, 357 F.3d at 1242. For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227. Further, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT". *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). If the ALJ fails to fulfill this duty, the decision is not supported by substantial evidence. *Id.*

### a. Other Jobs

Here, in response to the ALJ's hypothetical comprising all of the Plaintiff's impairments (Tr. 87-88), the VE identified three jobs available in significant numbers in the national economy that the Plaintiff could perform: assembly such as filter assembler, production inspection such as final inspector, and verifying and recording such as marker (Tr. 21). The Plaintiff is arguing that the VE's testimony is unreliable and fails to constitute substantial

evidence because the numbers identified by the VE are overinclusive. The Plaintiff further submits that, for an ALJ to meet their burden at this step, the VE should only provide testimony specifically estimating the number of jobs that meet the criteria for a plaintiff's limitations.

The Court finds Plaintiff's argument unavailing. Indeed, an ALJ may properly rely on an "approximate percentage" of jobs that the VE testifies to. *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012); *Phillips v. Barnhart*, 357 F.3d 1232, 1230-40 (11th Cir. 2004) (noting that a VE is "an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments"[2] and an ALJ may rely solely on the testimony of the VE in making this determination). In fact, the Eleventh Circuit recently held that an ALJ is *not* required to independently verify a VE's testimony regarding the number of available jobs. *Webster v. Comm'r of Soc. Sec.*, No. 18-13246, 2019 WL __ (11th Cir. May 16, 2019). Further, the Eleventh Circuit has "never held a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations . . . however . . . the 'appropriate focus under the regulation is the national economy.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (quoting *Allen v. Bowen,* 816 F.2d 600, 603 (11th Cir.1987)). Thus, while the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, the ALJ need not identify a *certain number* of jobs for its decision to be supported by substantial evidence. *Id.* (finding that *3,200* available jobs in the national economy is a significant number of jobs and that the ALJ's decision was supported by substantial evidence); *Brooks v. Barnhart*, 133 F. App'x 669, 670-71 (11th Cir.

---

[2] During the administrative hearing, the ALJ reminded the Plaintiff's attorney numerous times during his cross-examination that the very purpose of the SSA hiring the VE is because they possess the expertise to provide numbers in response to an ALJ's hypothetical (Tr. 100-101). Among other things, the ALJ noted, "[i]f I could just pull a number, we wouldn't need this lady here, who has the degree—that's why we pay for a vocational expert to look through the numbers and give a hypothetical." (Tr. 100).

2005) (holding that "*840* polisher, document preparer, and bonder jobs" available in the national economy constitutes a significant numbers of jobs and thus, the ALJ's decision is supported by substantial evidence) (emphasis added); *Allen v. Bowen*, 816 F. 2d 600, 602 (11th Cir. 1987) (affirming that *174* small appliance repairmen positions in the area where a plaintiff resided established the existence of work in significant numbers).

Simply put, the level of specificity that the Plaintiff demands is not required. *See, e.g.*, *Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401, 402 (11th Cir. 2012) (holding that the SSA regulations "clearly provide that a VE's knowledge and expertise may supply a reasoned basis for his conclusions" and may be the only basis that the Commissioner relies upon as the VE possesses the expertise to supplement the DOT). Importantly, *Pena* also held that the Commissioner's decision was supported by substantial evidence when the VE arrived at the estimates through consulting multiple reliable sources and further reduced those numbers based on their experience and knowledge. *Id.* at 402-403. Similarly, the VE here testified that, given Plaintiff's RFC and vocational characteristics, Plaintiff could perform jobs within the following job categories: assembly, production inspection, and verifying and marking (Tr. 88). After accounting for current market data and Plaintiff's RFC, the VE testified that there were approximately 56,000 assembly jobs, 48,000 production inspection jobs, and 86,000 verifying and marking jobs existing in the national economy that Plaintiff could perform. *Id.* The VE further identified representative job titles within those job categories such as filter assembler, final inspector, and marker. *Id.* The VE testified that her testimony was based on the DOT, its companion publications, published market data, and the Bureau of Labor Statistics (Tr. 88, 91-92, 102-103). The VE *reduced* those numbers to account for current market conditions and to identify the number of light, unskilled jobs in those categories (Tr. 93-96). The VE then *further reduced* those jobs, based on her experience and current labor market data, to account for the

8

particular restrictions imposed by the ALJ's hypothetical (Tr. 96-97, 102). Notably, the VE testified that the number of jobs she provided was "*a conservative estimate*" (Tr. 102) (emphasis added).

As such, though the VE identified an overinclusive number here, reversing and remanding this case to revise that numerical figure for an even better approximation would end in the same determination—a finding that the Plaintiff is not disabled. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (declining to remand "for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision"). The ALJ noted that the VE based her numbers on authoritative sources administratively noticed under the SSA regulations[3], adequately explained how she estimated the numbers, and the testimony was consistent with the DOT (Tr. 21). Given that the ALJ identified work available in significant numbers in the national economy that the Plaintiff can perform, the Court finds that there is substantial evidence to support the ALJ's finding of not disabled. Accordingly, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

---

[3] Further, as the Commissioner aptly argued, the Plaintiff's attorney erroneously premised most of his cross-examination questions on the VE's use of labor market data organized under the Standard Occupational Classification (SOC) taxonomy currently used by the DOL Occupational Information Network (O*Net) (Tr. 91-94, 98-100). But the VE repeatedly testified that she did not use O*Net or rely on its SOC taxonomy when evaluating the number of jobs in the national economy (Tr. 91-92).

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 26th day of August, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record